# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CANO-VALENCIA,<br><br>　　　　　　　Petitioner,<br>　vs.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. 11CV843 DMS<br>(Associated criminal case: 08cr643)<br><br>**ORDER DENYING MOTION FOR SENTENCING REDUCTION** |

On June 13, 2008, Petitioner pleaded guilty to possession of over 500 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) subject to a plea agreement. (Opp. at Ex. 1 at 2-3.) On September 3, 2008, this Court sentenced Petitioner to 57 months custody followed by three years of supervised release. (*Id.* at Ex. 3.) On April 20, 2011, Petitioner filed the instant motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).

Petitioner seeks a reduction in his sentence based upon a claim that he is entitled to the application of a subsequent amendment to the sentencing guidelines that reduced his sentencing range. *See* 18 U.S.C. § 3582(c)(2). Defendant's motion is denied because he has failed to demonstrate that his sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Petitioner does not identify a specific amendment to the United States Sentencing Guidelines that has impacted his sentencing range and the two cases he cites in his motion, *United States v. Leniear*, 574 F.3d 668 (9th Cir. 2009) and *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009), address amendments to the base offense level for offenses involving cocaine.

1      In the alternative, liberally construing Petitioner's application as a motion to vacate, set aside,
2 or correct his sentence pursuant to 28 U.S.C. § 2255, it is also denied because, when Petitioner pleaded
3 guilty in exchange for a lower sentence, which was actually imposed, he waived his right to collaterally
4 attack his sentence. (*Id.* at Ex. 1 at 9.) Such a waiver bars relief under § 2255 other than for
5 ineffective assistance of counsel claims that challenge the voluntariness of the waiver. *See United*
6 *States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

7      **IT IS SO ORDERED.**

8 DATED: August 3, 2011

                                                            HON. DANA M. SABRAW
                                                             United States District Judge